IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARMEN LEYVA | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 00-45 |
| | § | (COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING | § | |
| CO., INC. and DANNY McCONNATHY | § | |
|     Defendants | § | |

## MOTION TO DISMISS OF DEFENDANT McCONNATHY

DEFENDANT DANNY McCONNATHY file this Motion to Dismiss as follows:

## I. SUMMARY OF ARGUMENT

Defendant McConnathy is an individual who cannot be held liable for claims of employment discrimination because he was not the "employer" of the Plaintiff. Defendant McConnathy also cannot be liable for the remaining common law claims lodged against him. The claims against him should therefore be dismissed.

## II. DISCRIMINATION CLAIMS UNDER TCHRA

1.    In Paragraph III of her Original Petition filed in this case,[1] Plaintiff states the factual basis for her claims as follows:

### III. FACTUAL ALLEGATIONS

Carmen Leyva, a Hispanic female, was approached by Defendant Cross Oil and offered a Marketing Associate position. Prior to taking the position with the Defendant, the Plaintiff was gainfully employed with another company, but left their employ on the promise of better opportunities with the Defendant

---

[1] This case was filed in state court and removed to this Court on the basis of diversity of citizenship.

2471387 2·107753 1            1

company. The Plaintiff signed a contract that detailed the terms and conditions of her employment.

Shortly after the Plaintiff started working, the Defendant hired a male to do the same job the Plaintiff was doing. The Plaintiff was given the additional duties of terminal manager, but continued her work as a marketing associate.

The Plaintiff had years of experience in the marketing field and made meaningful contacts and established marketing en roads for Defendant. Once the contacts were made, the Plaintiff was terminated but the company kept the male employee. In conversations with the Plaintiff, the Defendants justified its actions by indicating she would be better off because she had a child at home. The Defendants also expressed concerns with the Plaintiff working in a male dominated field.

2. These allegations make clear that the legal relationship, if any, which existed in this case is that between Plaintiff and Defendant Cross Oil Refinery & Marketing Co., Inc. ("Cross Oil").

3. Texas law is clear that the Texas Commission on Human Rights Act, TEX. LABOR CODE §§ 21.001 *et seq.* ("TCHRA"), proscribes only conduct by employers, not individuals. *Jenkins v. Guardian Industries Corp.*, 16 S.W.3d 431 (Tex.App.–Waco 2000, n.w.h.); *Benavides v. Moore*, 848 S.W.2d 190 (Tex.App.–Corpus Christi 1993, writ denied); *City of Austin v. Gifford*, 824 S.W.2d 735 (Tex.App.–Austin 1992, writ denied).[2]

4. The only employment relationship identified on the face of the Petition is that between Cross Oil and Plaintiff. Defendant McConnathy therefore cannot as a matter of law be liable for alleged employment discrimination, and such claim against him should be dismissed.

---

[2] Texas courts have been commanded to correlate interpretation of the TCHRA with that of its federal counterpart, Title VII, *42 U.S.C. §§ 2000e et seq. Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). Title VII also precludes claims against supervisors and individual employees. See *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990); *Clanton v. Orleans Parish School Board*, 649 F.2d 1098-99 (5th Cir. 1981).

# III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## A. CLAIM AS STATED IN PETITION

1.  Plaintiff has also asserted a claim against Defendant McConnathy for intentional infliction of emotional distress which is stated in Part X of the Petition as follows:

> X. <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
>
> Plaintiff asserts that Defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendants' action caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sue the Defendants as a result of such actions.

2.  However, Plaintiff has not asserted that Defendant McConnathy took any action against her, individually. Rather, Plaintiff only asserts conclusorily that Defendant<u>s</u> took actions "in the nature of extreme and outrageous conduct."

## B. NATURE OF CAUSE OF ACTION

1.  <u>ELEMENTS OF THE CAUSE OF ACTION</u>. It is well-settled that in order to recover for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's action caused the plaintiff emotional distress; and (4) the emotional distress suffered by plaintiff was severe. ***Twyman v. Twyman***, 855 S.W.2d 619, 621-22 (Tex. 1993) (emphasis added). It is also well-settled that in order for conduct to be considered "extreme and outrageous", it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at

621. The Court determines in the first instance whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *Id.*

2. CONDUCT ALLEGED TO SUPPORT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM. The only events Plaintiff mentions in her Petition are the circumstances of her being hired by Cross Oil, and the fact that her employment with Cross Oil was terminated by Cross Oil. Many Texas and Fifth Circuit cases make clear that as a matter of law, such conduct is not "extreme or outrageous."

## C. APPLICABLE LAW

1. *FRANCO* DECISION. The Texas Supreme Court explicitly held, in **Southwestern Bell Mobile Systems, Inc. v. Franco**, 971 S.W.2d 52 (Tex. 1998) ("Franco"), that a termination of employment which is allegedly wrongful <u>cannot support a finding of intentional infliction of emotional distress</u>.[3] The *Franco* Court noted that even though the plaintiffs attempted to prove that Southwestern Bell's agents behaved in an extreme and outrageous manner during the termination -- that is, firing them in the unnecessary presence of coworkers, forcing them to collect and remove their belongings in front of others, and immediately taking steps to repossess company car phones -- this evidence was deemed to fall "far short of being legally sufficient to prove that Southwestern Bell's conduct was extreme and outrageous." 971 S.W.2d at 53-54 *citing* **Wornick Co. v. Casas**, 856 S.W.2d 732, 735 (Tex. 1993); **Diamond Shamrock Ref. & Mktg. Co. v. Mendez**, 844 S.W.2d 198, 202 (Tex. 1992).

---

[3] "Is wrongful termination of employment so extreme and outrageous that, without more, it will support a jury finding of intentional infliction of emotional distress? The court of appeals held that it is. It is not." *Franco, supra*, 971 S.W.2d at 53 (Footnote Omitted).

2.  FIFTH CIRCUIT JURISPRUDENCE. The United States Court of Appeals for the Fifth Circuit has also issued rulings about the very narrow scope of the tort of intentional infliction of emotional distress. In ***Danawala v. Houston Lighting & Power Co.***, 14 F.3d 251 (5th Cir. 1993), for example, the plaintiff was accused of falsifying a company document and was fired. In his subsequent lawsuit for defamation and for intentional infliction of emotional distress, the Court ruled that accusing him of falsification did not "exceed all possible bounds of decency" and was not "utterly intolerable in a civilized community." ***Danawala****, supra*, 14 F.3d at 256 *citing Diamond Shamrock* (discussed above). It therefore dismissed his intentional infliction of emotional distress.

In ***Halbert v. City of Sherman***, 33 F.3d 526 (5th Cir. 1994), the Fifth Circuit held that "merely calling the police and informing them that someone is intoxicated or using drugs is not sufficiently outrageous conduct to warrant the recovery of damages for intentional infliction of emotional distress even if those statements are false." 33 F.3d at 529 *citing Diamond Shamrock*.

Finally, in ***Atkinson v. Denton Publishing Co.***, 84 F.3d 144 (5th Cir. 1996), the Fifth Circuit considered the claim of a twenty-one year veteran employee who was fired at age 58. The plaintiff alleged among other things that he should recover for intentional infliction of emotional distress. 84 F.3d at 151. The *Atkinson* Court nevertheless upheld summary judgment in favor of the employer, ruling that his claims were not actionable as an intentional infliction of emotional distress, and holding as a matter of law, <u>that the alleged conduct was not extreme and outrageous.</u> *Id. citing* ***Johnson v. Merrell Dow Pharmaceuticals, Inc.***, 965 F.2d 31, 33-34 (5th Cir. 1992); ***Wornick****, supra*, 856 S.W.2d at 735.

## D. NO CLAIM OF INTENTIONAL INFLICTION

1. In this case, Plaintiff has done nothing more than state the conclusion that Defendant McConnathy engaged in extreme and outrageous conduct. Plaintiff's claims to have been hired under false pretenses, and then fired because of discrimination, do not rise to the level of intentional infliction of emotional distress.

2. Defendant McConnathy therefore cannot as a matter of law be liable for intentional infliction of emotional distress, and such claim against him should be dismissed.

## IV. BREACH OF CONTRACT

1. Plaintiff also accuses Defendant McConnathy in Part IX of the Petition of breach of contract, but makes it clear by the attachment to the Petition that the contract in question only involved her and Cross Oil as the two parties. For the Court's convenience, a copy of the Agreement in question (dated August 18, 1998) is attached as Exhibit "A".

2. As is apparent from the face of the agreement, the only signatory to the contract for the employer is another individual (Tom Moore), a Vice President of Cross Oil. Mr. McConnathy did not sign the instrument, nor is he mentioned in it. The only relationship identified was an employment relationship between Cross Oil and Plaintiff.

3. Defendant McConnathy therefore cannot as a matter of law be liable for breach of contract. He had no legal duties or obligations under the contract. Thus, such claim against him individually should be dismissed.

# V. TORTIOUS INTERFERENCE WITH A CONTRACT

1.      Plaintiff alleges in Part VII. of her Petition that Defendant McConnathy engaged in tortious interference with a contract, as follows:

> VII. <u>TORTIOUS INTERFERENCE WITH A CONTRACT</u>
>
> Plaintiff will show that a verbal employment contract existed between the Plaintiff and her previous employer. Further, that the Defendants, had full knowledge of this contract. Because of spite, ill will and malicious intent held by the Defendants towards the Plaintiff, however, they improperly induced her to terminate her employment contract for the sole purpose of causing economic as well as psychological injury to the Plaintiff. Such inducement by the Defendants was done intentionally, unlawfully, without legal excuse or other justification and was the proximate cause in wrongfully damaging the Plaintiff. Plaintiff therefore sues the Defendants, for tortuously interfering with Plaintiff's employment contract.

2.      Under Texas Law, the claim of tortious interference with contract can only be established upon a showing that: 1) a contract existed between the plaintiff and a third party that was the subject of interference; 2) the defendant's act of interference was willful and intentional; 3) the intentional act of the defendant was a proximate cause of damage to the plaintiff; and 4) actual damage and loss to the plaintiff resulted. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex. 1991); *see Wardlaw v. Inland Container Corporation*, 76 F.3d 1372 (5th Cir. 1996); *Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995); *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex. 1996). One is privileged to interfere with another's contractual relations 1) if it is done in a bona fide exercise of his own rights, or 2) if he has an equal or superior right in the subject matter to that of the other party. *Id.*

3.      In this case, Plaintiff admits in her petition that she had a prior employment relationship, that she quit that job, that she made the decision to accept an offer of employment with

Cross Oil,[4] that she came to work with Cross Oil in August, 1998 (presumably for more money), and that she later lost that job in 1999.

4. Plaintiff's claim of tortious interference must therefore fail for two reasons: (1) Cross Oil (as the putative employer) was legally justified in seeking to recruit and hire a new employee, such as Plaintiff; and (2) since Plaintiff came to Cross Oil for what she thought was going to be a better job, she was not injured in deciding to quit one job (with the former employer) and take another (with Cross Oil), presumably at better pay.

5. Plaintiff's claim against Mr. McConnathy must also expire because she has failed to indicate any involvement of any kind which Mr. McConnathy had in any alleged tortious conduct.

6. Thus, such claim against him individually should be dismissed.

## VI. FRAUD

1. Plaintiff alleges in Part VIII. of her Petition that Defendant McConnathy engaged in fraud, as follows:

### VIII. FRAUD

The actions of the Defendant constitutes Fraud. By their actions, Defendant induced Plaintiff into leaving her previous employment in exchange for the promise of continued employment and then breaching that promise by terminating the Plaintiff after she had established marketing contacts for the company.

2. Defendants are contemporaneously challenging this allegation as insufficient to plead fraud with particularity as required by FED.R.CIV.P. 9. *See* Motion for More Definite Statement on Fraud Claim.

---

[4] As is apparent from the face of that document, the agreement attached as Exhibit "A" is styled as an offer whose acceptance is noted by Plaintiff's signature. *See* Exhibit "A" at 2.

2471387 2 107753 1

8

3.  Beyond that, Defendant McConnathy contends that Plaintiff's allegation does not state a claim for fraud as to him. The Petition does not identify any particular conduct in which he knowingly engaged which can be labelled as fraudulent, nor does it identify any conduct by him which was knowingly fraudulent (that is, undertaken with the present intention not to perform) at the time Plaintiff accepted Cross Oil's offer of employment. *See Montgomery County Hospital District v. Brown*, 965 S.W.2d 501 (Tex. 1998); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925 (Tex. 1996); *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281 (Tex. 1994); *Crow v. Rockett Special Utility District*, _____ S.W.3d _____, 2000 Tex. App. LEXIS 2462 (Tex.App.–Waco Apr. 12, 2000, no writ).

4.  Further, it is apparent from the face of the agreement, *see* Exhibit "A", that Plaintiff's employment relationship with Defendant Cross Oil was "at will."

5.  Under Texas law, to recover for fraud in an employment relationship, the employee bears the burden to prove the existence of the following: "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Sanchez, supra*, 924 S.W.2d at 929-30.

6.  Further, an at-will employee is barred from bringing a cause of action for fraud against his employer based upon the employer's decision to discharge the employee. *Leach v. Conoco, Inc., 892 S.W.2d 954, 961* (Tex. App.--Houston [1st Dist.] 1995, writ dism'd w.o.j.); *accord Molder v. Southwestern Bell Tel. Co.*, 665 S.W.2d 175, 177 (Tex. App.--Houston [1st Dist.] 1983, writ ref'd n.r.e.).

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss of Defendant Denny McConnathy has been served upon counsel for Plaintiff Carmen Leyva, Mr. Miguel Salinas (17534750), Esq., Garza & Salinas, L.L.P., 680 E. St. Charles St., Suite 110, Brownsville, Texas 78520, by hand delivery, certified mail, return receipt requested, Federal Express and/or facsimile transmission, on this 26th day of June, 2000.

_____
LIONEL M. SCHOOLER



# CROSS OIL REFINING & MARKETING, INC.

484 EAST 6TH STREET
SMACKOVER, ARKANSAS 71762
870-725-3611 ■ FAX 870-725-3405

August 18, 1998

Ms. Carmen Leyva
Route 9, Box 207
Harlingen, TX 78552

Dear Carmen:

It is with much pleasure that we offer you the position of Marketing Associate with Cross Oil Refining & Marketing, Inc. Following are particulars of our offer:

1. Your beginning salary will be Thirty Thousand and 00/100 Dollars ($30,000.00) annually. When you have been with the Company six months, you will be given a performance review. If that review is favorable, we will pay you a one-time-only bonus of One Thousand and 00/100 Dollars ($1,000.00).

2. Cross will provide you with a Company vehicle and will pay all gasoline, maintenance, repairs, and so forth associated with the car.

3. Any travel or entertainment you do on the Company's behalf will be reimbursed to you by the Company by submitting an expense report with receipts for these expenses.

4. You will be allowed to participate in all other benefits provided to salaried employees, including a Profit Sharing / 401-k Plan (when you become eligible), medical and life insurance coverage, and long term disability.

As we discussed on the phone today, in this capacity you will be reporting directly to me, and we would like for you to begin as soon as possible. Final hiring approval will be contingent upon satisfactory completion of a pre-employment physical.



Exhibit "A"

Exhibit G

ROM       1590                                              AUG.19.98      11:44AM   P.001

08/18/98   15:52    ☎501 725 3611   116    CROSS OIL                              ☒003

MS. CARMEN LEYVA
AUGUST 18, 1998
PAGE 2 OF 2 PAGES

If you find our offer acceptable, please so indicate by signing below and returning this letter to me.

Sincerely,

CROSS OIL REFINING & MARKETING, INC.

*Tom* (signature)

Tom E. Moore
Vice President, Marketing

TM:jh

Accepted by

*Carmen Leyva* (signature)      8/19/98
Carmen Leyva                    Date

ClibPDF - www.fastio.com