

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARMEN LEYVA | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 00-44 |
| | § | (COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING | § | |
| CO., INC. and DANNY McCONNATHY | § | |
|     Defendants | § | |

## DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

DEFENDANTS CROSS OIL REFINERY & MARKETING CO., INC. ("Cross Oil") and DANNY McCONNATHY file this Motion for More Definite Statement pursuant to FED.R.CIV.P. 9(b) as follows:[1]

## I. SUMMARY OF ARGUMENT

Plaintiff has asserted a cause of action against Defendants for fraud, but has failed to comply with the requirements of FED.R.CIV.P. 9(b). Plaintiff should be required to re-plead, conforming her fraud allegations to the requirements of Rule 9(b), or should otherwise have such fraud claims dismissed.

## II. FRAUD CLAIM

1.  In Paragraph III of her Original Petition filed in this case,[2] Plaintiff states the factual basis for her claims as follows:

### III. FACTUAL ALLEGATIONS

---

[1] This Motion is being filed contemporaneously with Defendant McConnathy's Motion to Dismiss.

[2] This case was filed in state court and removed to this Court on the basis of diversity of citizenship.

Carmen Leyva, a Hispanic female, was approached by Defendant Cross Oil and offered a Marketing Associate position. Prior to taking the position with the Defendant, the Plaintiff was gainfully employed with another company, but left their employ on the promise of better opportunities with the Defendant company. The Plaintiff signed a contract that detailed the terms and conditions of her employment.

Shortly after the Plaintiff started working, the Defendant hired a male to do the same job the Plaintiff was doing. The Plaintiff was given the additional duties of terminal manager, but continued her work as a marketing associate.

The Plaintiff had years of experience in the marketing field and made meaningful contacts and established marketing en roads for Defendant. Once the contacts were made, the Plaintiff was terminated but the company kept the male employee. In conversations with the Plaintiff, the Defendants justified its actions by indicating she would be better off because she had a child at home. The Defendants also expressed concerns with the Plaintiff working in a male dominated field.

2. Plaintiff alleges in Part VIII. of her Petition that Defendant McConnathy engaged in fraud, as follows:

### VIII. FRAUD

The actions of the Defendant constitutes Fraud. By their actions, Defendant induced Plaintiff into leaving her previous employment in exchange for the promise of continued employment and then breaching that promise by terminating the Plaintiff after she had established marketing contacts for the company.

3. These are the only two places in the Petition where Plaintiff alleges any claim for fraud in this employment case.

4. Defendants challenge this allegation as insufficient to comply with the requirement of Rule 9(b) that a plaintiff must state "the circumstances constituting fraud or mistake *with particularity*". FED.R.CIV.P. 9.

5.   Defendants request that Plaintiff be required to re-plead her allegations of fraud with particularity, as required by Rule 9(b) or, alternatively, that such allegations be stricken from the Petition.[3]

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS CROSS OIL REFINERY & MARKETING CO., INC. and DANNY MCCONNATHY pray that their Motion for More Definite Statement be granted, that Plaintiff be required to re-plead her fraud claims in conformity with FED.R.CIV.P. 9(b) or, alternatively, that such claims be dismissed, and that they recover such other relief as to which they may show themselves to be justly entitled.

DATED this 26th day of June, 2000.

Respectfully submitted,

JACKSON & WALKER, L.L.P.

*Lionel M. Schooler*

LIONEL M. SCHOOLER (17803300)
RICHARD GRIFFIN (08473520)
1100 Louisiana St., Suite 4200
Houston, Texas 77002
(713) 752-4200
(731) 752-4221 (fax)

ATTORNEYS FOR DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC.

---

[3] Defendants contend in the Motion to Dismiss filed contemporaneously with this Motion that Plaintiff's employment relationship with Defendant Cross Oil was "at will." Defendants further contend that an at-will employee is barred from bringing a cause of action for fraud against his employer based upon the employer's decision to discharge the employee. *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 961 (Tex. App.--Houston [1st Dist.] 1995, writ dism'd w.o.j.); *accord Molder v. Southwestern Bell Tel. Co.*, 665 S.W.2d 175, 177 (Tex. App.--Houston [1st Dist.] 1983, writ ref'd n.r.e.). Defendants therefore contend that such fraud claim must be dismissed.

2475185 1 107753 1                                           3

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Defendants' Motion for More Definite Statement has been served upon counsel for Plaintiff Carmen Leyva, Mr. Miguel Salinas (17534750), Esq., Garza & Salinas, L.L.P., 680 E. St. Charles St., Suite 110, Brownsville, Texas 78520, by hand delivery, certified mail, return receipt requested, Federal Express and/or facsimile transmission, on this 26th day of June, 2000.

                                                                _____
                                                                 LIONEL M. SCHOOLER