IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARMEN LEYVA § | | |
| Plaintiff § | | |
| § | | |
| vs. § | CIVIL ACTION NO. B-00-045 | |
| § | (COURT UNIT OF JUDGE TAGLE) | |
| CROSS OIL REFINERY & MARKETING § | | |
| CO., INC. § | | |
| Defendant § | | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**COMES NOW** Plaintiff CARMEN LEYVA, and files this her First Amended Original Complaint.

### A. Parties

1. Plaintiff, Carmen Leyva is a resident of Harlingen, Cameron County, Texas

2. Defendant Cross Oil Refining & Marketing Co., Inc., is a foreign corporation with its principal place of business in Arkansas but duly licensed to transact business in Texas.

### B. Jurisdiction

3. This case was removed from Cameron County State District Court based on diversity of citizenship.

### C. Factual Allegaations

4. This is a claim of sexual discrimination based on plaintiff's gender (female), and a breach of contract claim associated with plaintiff's employment .

5. In the Summer of 1998, plaintiff Carmen Leyva was approached by defendant and offered a Marketing Associate position. Prior to taking the position with the defendant, plaintiff was gainfully employed with another company, but left their employ on the promise of a better opportunity with the defendant company. The plaintiff signed a contract that detailed the terms and conditions of her employment.

6. The plaintiff had years of experience in the oil business marketing field and used her experience and contacts to establish marketing en roads both nationally and internationally. Once the plaintiff had made contacts for the company and started to

expand their operation, the defendant hired a male employee to perform essentially the same job as plaintiff. Plaintiff was given additional duties, but continued to work as a marketing associate.

7. Shortly after the defendant hired the male employee, plaintiff encountered a series of hostile and discriminatory acts that culminated in her termination. Specifically, plaintiff was told she could not be successful in a male dominated field such as the oil business. She was also told that her termination would be in her best interest since she had a child at home.

### D. ADMINISTRATIVE PROCEDURES/CONDITIONS PRECEDENT

8. Within 180 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the defendant had committed an unlawful employment practice against plaintiff in violation of the Texas Commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the plaintiff to file this lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

### E. COUNT 1: EMPLOYMENT DISCRIMINATION BASED ON SEX TEXAS COMMISSION ON HUMAN RIGHTS ACT

9. Plaintiff, **CARMEN LEYVA,** is a Hispanic female who was discriminated against on account of her gender. As such, she falls within a protected class under Chapter 21, §21.051 of The Texas Labor Code, better known as the Texas Commission on Human Rights Act.

10. Defendant, **CROSS OIL REFINING & MARKETING, INC.**, is an employer with at least fifteen employees, subjecting itself to coverage under the Act.

11. The conduct of the defendant complained of, constituted an unlawful employment practice based on plaintiff's Sex. Specifically, the defendant discriminated against plaintiff by terminating and replacing her with a less qualified male employee. The defendant further discriminated against plaintiff by telling her she could not be successful in a male dominated field and that she was better off at home taking care of her children.

12. In addition, defendant, **CROSS OIL REFINING AND MARKETING, INC.**, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The defendant, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct. The defendant is thus vicariously liable for the actions of its agents, servants and employees.

## F. COUNT 2: BREACH OF CONTRACT

13. On August 18, 1998, plaintiff and defendant executed a written contract.

14. In pertinent part, the contract provides that plaintiff would be offered the position of Marketing Associate with a beginning salary of thirty thousand dollars ($30,000) per year plus expenses and benefits.

15. Defendant breached the contract when it terminated the plaintiff on February 28, 1999.

## G. DAMAGES

16. Plaintiff suffered the following injuries and damages as a direct and proximate result of defendant's conduct:

   a. Plaintiff was discharged from employment with defendant. Although plaintiff has diligently sought other employment she has been unable to find a job at comparable pay. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law.

   b. Plaintiff suffered damage to her pension or retirement benefits.

   c. Plaintiff suffered damage due to her loss of medical plan, fringe benefits and other valuable job rights.

   d. Plaintiff suffered mental and physical anguish, such as loss of sleep, loss of appetite, headaches, anxiety, depression, loss of self esteem and other mental and physical pain that has continued and will continue long into the future.

   e. The amount which remains due and owing to plaintiff under the terms of the contract.

   f. Reasonable expenses in reliance on defendant's performance of the contract

## H. ATTORNEY FEES

17. By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist her in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any

and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by §21,259 of the Texas Commission on Human Rights Act.

**WHEREFORE PREMISES CONSIDERED,** plaintiff prays that this Honorable Court grant the following:

a). Judgment against defendant for plaintiff's damages;

b). Prejudgment interest as allowed by law;

c). Attorney, expert and litigation fees and expenses;

d). Damages resulting from defendant's breach of contract;

e). Interest on said judgment at the legal rate from date of judgment;

f). For costs of suit herein; and

g). Such other relief as the Court deems proper.

Respectfully submitted,

GARZA & SALINAS, L.L.P.
ATTORNEYS AT LAW
680 E. St. Charles, Suite #110
Brownsville, Texas   78520
(956) 574-9502   Telephone
(956) 574-9506   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750
Federal I.D. No. 15171

ATTORNEY FOR PLAINTIFF
CARMEN LEYVA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's First Amended Complaint has been served upon Defendant Cross Oil Refinery & Marketing through its attorney of Record Lionel M. Schooler Jackson Walker L.L.P., 1100 Louisiana Street, Suite 4200, Houston, Texas 77002, via certified mail, return receipt requested on this 31st day of August 2000.

*[signature]*

MIGUEL SALINAS