25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 8 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CARMEN LEYVA § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 00-45 |
| § | (COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING § | |
| CO., INC. § | |
| Defendant § | |

# DEFENDANT'S SUPPLEMENT TO RENEWED MOTION FOR SANCTIONS AND NOTICE OF NON-COMPLIANCE WITH RULES

DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC. ("Cross Oil") files this Supplement ("Supplement") to its Renewed Motion ("Renewed Motion") for Sanctions for Failure to Comply with Court's Order of October 18, 2000 ("October 18 Order") and Notice of Non-Compliance with FED.R.CIV.P. 5 and Local Rule 6.C. of the United States District Court for the Southern District of Texas ("Rules") as follows:

## I. RENEWED MOTION FOR SANCTIONS

1. The Renewed Motion was prompted by what Cross Oil has alleged is Plaintiff's failure to comply with the October 18 Order.

2. The Renewed Motion was filed because even though Plaintiff apparently filed a pleading with the Court (her Rule 26 Disclosures) in an effort to comply with the October 18 Order, Plaintiff failed to serve Cross Oil through undersigned counsel with such Disclosures, a fundamental requirement of FED.R.CIV.P. 5.

3. This Court ruled (in part) in the October 18 Order that Plaintiff was

2553814.1:107753.1

1

"**ORDERED** to submit its initial disclosures within ten (10) days of the entry of this order; otherwise, the Court will not hesitate to consider a motion for sanctions."

October 18 Order at 1 (Original Emphasis).

4. Cross Oil contended that failure to comply with the Rules constituted non-compliance with the Order, since the whole purpose of requiring Disclosures under the Rules is to have information furnished *directly to opposing counsel* to obviate the need for resort to certain forms of discovery.[1]

## II. SERVING DISCLOSURES; NON-COMPLIANCE

### A.

1. Cross Oil filed the Renewed Motion on or about November 1, 2000, and served Plaintiff (through her counsel) with a copy of this pleading that day by fax transmission and by certified mail.

2. The Disclosures were due to have been filed by Monday, October 30 (the first business day after the ten days specified in the October 18 Order).

3. At the time Cross Oil filed the Renewed Motion, it was not clear whether the purported Disclosures bore a certificate of service.

### B.

1. On Monday, November 6, 2000, undersigned counsel received the Disclosures by certified mail.

---

[1] Cross Oil also pointed out to the Court that, regrettably, this was not the first time the Plaintiff had failed to serve a pleading upon undersigned counsel. *See* Renewed Motion at 2-3 and note 2. Cross Oil even went so far as to request proof of service from the office of Plaintiff's counsel as to the First Amended Complaint, and was never furnished any, despite the signature of Plaintiff's counsel on the Certificate of Service.

2. A copy of the envelope containing the Disclosures is attached as Exhibit "A".

3. A copy of the Disclosures is attached as Exhibit "B".

4. The envelope clearly indicates on its face that it was not posted until *November 2, 2000*.

5. The Disclosures contain a Certificate of Service, *see* Exhibit "B" at 4, apparently signed by counsel for Plaintiff Mr. Salinas, which recites that the Disclosures were served "October 27, 2000."

6. Cross Oil contends

- that there was no timely service,

- that the pleading in question (the second such pleading in this case) was not properly served (indeed, not served),

- that the Certificate of Service did not comply with the Rules, and

- that Cross Oil would still not have the Disclosures in hand now if it were not for undersigned counsel's having filed the Renewed Motion on November 1.

### III. CONCLUSION

Therefore, Cross Oil renews its request for reimbursement for having had to file this Renewed Motion.

DATED this 7th day of November, 2000.

Respectfully submitted,

JACKSON WALKER, L.L.P.

*Lionel M. Schooler*
LIONEL M. SCHOOLER (17803300)
Federal Bar No.: 726
RICHARD GRIFFIN (08473520)
Federal Bar No.: 12880
1100 Louisiana St., Suite 4200
Houston, Texas 77002
(713) 752-4200; (713) 752-4221 (fax)

ATTORNEYS FOR DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendants' Supplement to Renewed Motion for Sanctions and Notice of Non-Compliance has been served upon counsel for Plaintiff Carmen Leyva, Mr. Miguel Salinas (17534750), Esq., Garza & Salinas, L.L.P., 680 E. St. Charles St., Suite 110, Brownsville, Texas 78520, by hand delivery, certified mail, return receipt requested, Federal Express and/or facsimile transmission, on this 7th day of November, 2000.

*Lionel M. Schooler*
LIONEL M. SCHOOLER

Garza & Salinas, L.L.P.
680 E. St. Charles, Suite 110
Brownsville, Texas 78520

**RETURN RECEIPT REQUESTED**

**CERTIFIED MAIL**

Z 207 141 797

Hon. Lionel M. Schooler
JACKSON WALKER, L.L.P.
Attorneys and Counselors
1100 Louisiana Street, Suit #4200
Houston, Texas 77002

CMRR# Z 207141797

7700241227

U.S. POSTAGE PAID
BROWNSVILLE, TX 78522
NOV 02'00
AMOUNT
$2.98
0002658106

RECEIVED
Jackson Walker L.L.P.
NOV - 6 2000
Mail Services

EXHIBIT
A

Billy Neal
484 East 6th Street
Smackover Arkansas 71762
870/725-3611

Tom Moore
484 East 6th Street
Smackover Arkansas 71762
870/725-3611

The above listed individuals were involved in the hiring and termination of Plaintiff.

Sergio Moreno
Will Supplement
Male who replaced Ms. Leyva.

Janet Chenowenth
P.O. Box 105
Smackover, Arkansas 71762
501/725-3611

Petey (LNU)
P.O. Box 105
Smackover, Arkansas 71762
501/725-3611

The above listed individuals worked for Defendant company and are aware of the disparate treatment the Plaintiff received compared to the male who replaced her.

## B. RELEVANT DOCUMENTS & TANGIBLE THINGS

2. The following is a list of documents, and tangible things in Plaintiff's possession, custody or control that she believes are relevant to disputed facts alleged with particularity in the pleadings.

   a.  8/18/98 Contract of employment between the parties.
   b.  6/23/99 EEOC/TCHR Intake Questionnaire
   c.  8/23/99 Charge of Discrimination
   d.  Notice of Right to File a Civil Action

## C. INFORMATION RELATED TO CALCULATION OF DAMAGES

3. The following is information related to the calculation of Damages.

Plaintiff's economic damages may be calculated by taking her annual salary and benefits times the number of years until Plaintiff's retirement age.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Rule 26 Disclosures has been served upon Defendant Cross Oil Refinery & Marketing through its attorney of Record Lionel M. Schooler Jackson Walker L.L.P., 1100 Louisiana Street, Suite 4200, Houston, Texas 77002, via certified mail, return receipt requested on this 27th day of October 2000.

MIGUEL SALINAS