United States District Court
Southern District of Texas
FILED

FEB 2 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARMEN LEYVA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 00-45 |
| | § | (COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING CO., INC | § | |

# DEFENDANT'S MOTION TO DISMISS STATUTORY CLAIMS

DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC. ("Cross Oil") files this Motion to Dismiss Statutory Claims ("Motion") for lack of jurisdiction as follows:

## I. SUMMARY OF ARGUMENT

The Court lacks jurisdiction over Plaintiff's statutory claims under the Texas Commission on Human Rights Act, TEX. LABOR CODE §§21.001 *et seq.* ("TCHRA"), for failure to exhaust administrative remedies. These claims must therefore be dismissed.

## II. FACTUAL BACKGROUND

### A. EVIDENCE SUPPORTING THE MOTION

The evidence supporting this Motion includes the following:

a.   The Plaintiff's First Amended Complaint, as to which the Court is requested to take judicial notice;

b.   This Court's Order of October 18, 2000 ("October 18 Order") directing Plaintiff to make timely disclosures in compliance with FED.R.CIV.P. 26, as to which the Court is requested to take judicial notice;

c.   A letter of February 20, 2001, from Plaintiff's counsel to undersigned counsel ("February 20 Letter") forwarding documents as part of Plaintiff's initial disclosures under FED.R.CIV.P. 26, attached as Exhibit "A";

2615953 2:107753 1

1

ClibPDF - www.fastio.com

d.   The Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"), attached as Exhibit "B";

e.   The Right-to-Sue Letter issued by the EEOC, attached as Exhibit "C";[1] and

f.   The Affidavit of undersigned counsel, verifying the authenticity of the above Exhibits, attached as Exhibit "D".

## B. PLAINTIFF'S STATUTORY FILINGS

1.   In her First Amended Complaint ("Complaint"), Plaintiff contends the following:

"   8.   Within 180 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the defendant had committed an unlawful employment practice against plaintiff in violation of the Texas Commission on Human Rights Act.  Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the plaintiff to file this lawsuit within sixty days of its receipt. *All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.*"

*See* First Amended Complaint at 2, Paragraph D.8 (Emphasis Added).

2.   Plaintiff goes on to allege as follows:

"   17.   By reason of the allegations of this petition *and the Texas Commission on Human Rights Act*, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary.  In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist her in the prosecution of this action.  A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.  Plaintiff further seeks attorney, expert and litigation fees and expenses *as permitted by §21.259 of the Texas Commission on Human Rights Act*."

*See* First Amended Complaint at 3, Paragraph H.17 (Emphasis Added).

3.   *Plaintiff's sole statutory basis for seeking recovery for alleged employment discrimination in this case is the TCHRA.*

---

[1] Exhibits "B" and "C" are two of the documents which were included with the February 20 Letter. *See* Affidavit of undersigned counsel, Exhibit "D."

ClibPDF - www.fastio.com

## C. PLAINTIFF'S TARDY DISCLOSURES

1.     Plaintiff has from the outset of this lawsuit in federal court been required to comply with the requirements of FED.R.CIV.P. 26, particularly furnishing to Defendant factual and documentary Disclosures.

2.     As the Court is aware, Defendant was obligated to file a Motion seeking relief from the Court over Plaintiff's failure to make timely Disclosures.  The Court granted such Motion in part in the October 18 Order, which directed Plaintiff to make such Disclosures within ten (10) days.

3.     Plaintiff actually failed to make such disclosures until on or about February 20, 2001. *See* Exhibits "A" and "D."[2]

## D. PLAINTIFF'S DISCLOSURES REVEAL PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES ONLY WITH THE EEOC, NOT THE TCHR

1.     As indicated in Exhibit "A," Plaintiff's counsel forwarded on February 21, 2001, to undersigned counsel Plaintiff's disclosures (purportedly in compliance with FED.R.CIV.P. 26).

2.     Among these documents were Plaintiff's charge of discrimination filed with the EEOC, *see* Exhibit "B," and a Right-to-Sue Letter issued by the EEOC.  *See* Exhibit "C".

3.     However, ***missing (or absent) from these documents*** was any documentation indicating either that a charge had been filed by Plaintiff with the Texas Commission on Human Rights ("TCHR"), or that the TCHR had issued a right-to-sue letter.  *See* Exhibit "D".

4.     Further, as indicated on the EEOC Charge, Plaintiff did not check the box in the lower left corner of the page requesting referral of the matter to the TCHR.  *See* Exhibit "B."

---

[2] Defendant did not bring such tardy responses to the attention of the Court because Plaintiff's counsel kept assuring undersigned counsel that such responses were promptly forthcoming, and undersigned counsel took Plaintiff's counsel at his word.

5.      Exhibit "C", the Right-to-Sue Letter from the EEOC, has been the only document ever disclosed by Plaintiff in this case indicating any administrative action on Plaintiff's charge of discrimination.  *See* Exhibits "C" and "D".

## III. ARGUMENT AND AUTHORITIES

### A. PLAINTIFF HAS NOT EXHAUSTED ADMINISTRATIVE REMEDIES WITH NOR RECEIVED A RIGHT TO SUE FROM THE TCHR

1.      The evidence provided by Plaintiff in her Rule 26 Disclosures demonstrates that Plaintiff has neither filed a charge with the TCHR, nor requested that the EEOC file such a charge. *See* Exhibits "A" and "D".

2.      The evidence provided by Plaintiff in her Rule 26 Disclosures further demonstrates that Plaintiff ***has not received any right-to-sue letter from the TCHR***.  *See* Exhibit "D".

### B. THE COURT LACKS JURISDICTION TO ADJUDICATE PLAINTIFF'S STATUTORY CLAIMS

### 1. Ruling in *Jones v. Grinnell Corporation*

1.      In a case involving very similar facts, the United States Court of Appeals for the Fifth Circuit has recently held, in *Jones vs. Grinnell Corporation*, 235 F.3d 972 (5th Cir. 2001), that a federal court does not have jurisdiction to consider statutory claims filed under the TCHRA if the Plaintiff cannot demonstrate exhaustion of administrative requirements of the TCHRA.

2.      In *Jones*, the timetable followed a sequence identical to the one in the instant case:

●      the Plaintiff had filed a charge with the EEOC, claiming employment discrimination;

●      The EEOC issued a right to sue letter;

●      Plaintiff then filed a lawsuit in Texas state district court, alleging that he was entitled

to recover under the TCHRA.[3]

3. As the *Jones* Court emphasized, "[a]t the time Jones filed his civil action, he had not received a right to sue letter from the TCHR." *Jones, supra*, 235 F.3d at 973. Still, the case eventually went to trial, resulting in a favorable judgment for Plaintiff.

4. However, the defendant in *Jones* had lodged a motion to dismiss for lack of jurisdiction in that case claiming failure to exhaust, which was denied by the district court. On appeal, the *Jones* Court reviewed the motion to dismiss and decided it was meritorious. It therefore vacated the judgment because of lack of subject matter jurisdiction.

5. While it assumed for purposes of the case that Mr. Jones had intended to have the TCHR consider his claims of discrimination, the *Jones* Court nevertheless ruled that Mr. Jones had failed to demonstrate "exhaustion of state administrative remedies," *Jones, supra*, 235 F.3d at 974, and that Texas law "requires the exhaustion of state remedies as a jurisdictional prerequisite." *Id.* *citing Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991) (complainant must first exhaust TCHRA's administrative remedies prior to bringing a civil action).

6. Failure to exhaust administrative remedies, to the *Jones* Court, deprived the district court of subject matter jurisdiction over the statutory claims because the TCHRA "jurisdictionally bars this court from hearing the case." *Jones, supra*, 235 F.3d at 974 *citing Zevator v. Methodist Hosp. of Houston*, _____ F.Supp. _____, 1995 U.S. Dist. LEXIS 21870 (S.D. Tex. Mar. 30, 1995); *Ridgway's, Inc. v. Payne*, 853 S.W.2d 659, 663 (Tex.App.– Houston [14th Dist.] 1993, no writ) (Failure to exhaust administrative remedies in TCHRA constitutes jurisdictional bar to suit under

---

[3] Just as in this case, the employer in *Jones* removed the case to federal court on the basis of diversity of citizenship.

the Act).

7.        The *Jones* Court went on to emphasize that "the EEOC's right to sue letter cannot substitute for a TCHR right to sue letter." *Jones, supra*, 235 F.3d at 975.

8.        ***Thus, the Jones Court vacated the judgment and dismissed for lack of jurisdiction.***

## 2. Statutory Claims In This Case Must Be Dismissed

1.        The *Jones* decision controls this court's exercise of jurisdiction over Plaintiff's TCHRA claims in this case.

2.        Plaintiff in this case has not proved that she received a notice of right-to-sue from the TCHRA, nor any other documentation indicating that she exhausted the administrative remedies of the TCHRA.

3.        Her <u>sole</u> statutory claim in this case is the TCHRA.

4.        Therefore, all of Plaintiff's claims under the TCHRA must be dismissed.[4]

WHEREFORE, PREMISES CONSIDERED, DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC. prays that its Motion to Dismiss Statutory Claims be granted, that all Plaintiff's statutory claims under the TCHRA be dismissed, and for and such other and further relief as to which it may show itself to be justly entitled.

DATED this __23 rd__ day of February, 2001.

---

[4] As Defendant reads the Complaint, dismissal of the statutory claims would leave the claim of breach of contract for this Court to adjudicate in this diversity case.

2615953.2:107753.1                          6

Respectfully submitted,

JACKSON WALKER, L.L.P.

_Lionel M. Schooler_
LIONEL M. SCHOOLER (17803300)
Federal Bar No.: 726
RICHARD GRIFFIN(08473520)
Federal Bar No.: 12880
1100 Louisiana St., Suite 4200
Houston, Texas 77002
(713) 752-4200; (713) 752-4221 (fax)

ATTORNEYS FOR DEFENDANT CROSS
OIL REFINERY & MARKETING CO.,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Motion to Dismiss Statutory Claims has been served upon counsel for Plaintiff, Mr. Miguel Salinas (17534750), Esq., Garza & Salinas, L.L.P., 680 E. St. Charles St., Suite 110, Brownsville, Texas 78520, by hand delivery, certified mail, return receipt requested, Federal Express and/or facsimile transmission, on this _23rd_ day of February, 2001.

_Lionel M. Schooler_
LIONEL M. SCHOOLER

ClibPDF - www.fastio.com

02/21/01   WED 10:03 FAX                                                                  ☑001

# GARZA & SALINAS, L.L.P.

### Attorneys & Counselors At Law
680 E. St. Charles, Suite #110
Brownsville, Texas  78520
Tel. (956) 574-9502
Fax. (956) 574-9506

## FAX COVER SHEET

THIS FACSIMILE AND ACCOMPANYING DOCUMENTS
CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY
PRIVILEGED.  IF YOU RECEIVE THIS FAX IN ERROR PLEASE
NOTIFY THE LAW FIRM OF GARZA & SALINAS
IMMEDIATELY.  IF YOU ARE NOT THE INTENDED RECIPIENT
OF THIS FAX YOU ARE HEREBY NOTIFIED THAT ANY
DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF
ANY ACTION IN RELIANCE OF THE CONTENTS OF THIS
INFORMATION IS STRICTLY PROHIBITED.

DATE: _2/21/01_

FAX NO.: _713 - 752 - 4221_

TO: _Hon. Leonel M. Schooler_

FROM: _Hon. Miguel Salinas_

RE: _Leyva v. Cross Oil_

TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET: _11_

COMMENTS: _As per attached_



REYNALDO G. GARZA, III
MIGUEL SALINAS

# *GARZA & SALINAS, L.L.P*

ATTORNEYS AND COUNSELORS AT LAW
680 E. St. Charles, Suite 110 • Brownsville, Texas 78520

TEL. 956/574-9502
FAX. 956/574-9506

February 20, 2001

**Hon. Lionel M. Schooler**
**JACKSON WALKER, L.L.P.**
**Attorneys at Law**
**1100 Louisiana Street, Suite 4200**
**Houston, Texas   77002**
**VIA FAX: (713) 752-4221**

RE:   **Civil Action No. B-00-045; Carmen Leyva v. Cross Oil Refinery & Marketing**
      **Co., Inc.; In the United States District Court for the Southern District of**
**Texas,**
      **Brownsville Division.**

Dear Mr. Schooler:

Attached please find the documents identified in Plaintiff's initial disclosures.

If you have any questions or need more information, please feel free to call this office at the number above.

Respectfully,

Miguel Salinas

MS/ama

ClibPDF - www.fastio.com

02/21/01  WED 10:05 FAX                                                                      ☒010

EXHIBIT "C"                                                           P02

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☒ FEPA  ☐ EEOC

CHARGE NUMBER: 1990154-H  BIC 991190

Texas Commission On Human Rights  **RECEIVED**  and EEOC

*State or local Agency, if any*

AUG 2 5 1999

TX COMMISSION ON HUMAN RIGHTS

NAME (Indicate Mr., Ms., Mrs.)  **HOME TELEPHONE (Include Area Code)**
Ms. Carmen Leyva    (956) 412-2624

STREET ADDRESS    CITY, STATE AND ZIP CODE    DATE OF BIRTH
Route 9, Box 207, Harlingen, TX 78552

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Cross Oil Refining & Marketing, Inc | 501+ Employees | (713) 840-6028 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3200 S.W. Freeway, Ste 3300, Houston, TX 77027 | | 201 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 09/18/98    LATEST: 02/28/99
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):
1st Amended. Original received 7/9/99.
I.  PERSONAL HARM:
  1. I received less wages than similarly-situated male employees.
  2. I was subjected to different terms and conditions of employment as regards to being provided a company car.
  3. I was reassigned from the position of Marketing Associate for Mexico Sales to Terminal Manager at the Port of Brownsville on 9/98 (date).
  4. I was terminated from my position of Terminal Manager.

II.  RESPONDENT'S REASON FOR ADVERSE ACTION:
  1. None given.
  2. None given.
  3. Mr. Tom Moore, Mr. Danny McConnathy and Mr. Billy Neil informed me that I was being reassigned because I was a single mother and the marketing position required a lot of travel.
  4. ~~None given.~~ Terminal was not going to be built.

III. DISCRIMINATION STATEMENT:  I believe that I have been discriminated agianst, in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended, because of my sex, female; inasmuch as:

1.  After I was reassigned to the position of termin[...]

** Text Continued on Attached Sheet(s) **

ROSE MARIE MARQUEZ
Notary Public
State of Texas

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
X Carmen Leyva

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, Month, and Year)
✓ 8/23/99

X Date 8/23/99    X Carmen Leyva
Charging Party (Signature)

EEOC FORM 5 (Rev. 06/92)

EXHIBIT
B

ClibPDF - www.fastio.com

02/21/01   WED 10:06 FAX                      EXHIBIT "D"                                    ☒011

EEOC Form 161 (10/96)      **U.S.. AL EMPLOYMENT OPPORTUNITY ᴄ MISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Ms. Carmen Leyva | EEOC Houston District Office |
| Route 9, Box 207 | 1919 Smith Street, 7ᵗʰ Floor |
| Harlingen, Texas 78552 | Houston, Texas   77002 |

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

709932200000061732
5219

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 31C991190 | R. G. Wideman, CRTIU Supervisor | (713) 209-3332 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ ]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ X ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*   _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____          5|31|00
H. Joan Ehrlich, District Director              *(Date Mailed)*

Enclosure(s)

cc:   Danny McConnathy              William I. Prewett          Lecia L. Chancy
      President                     Attorney at Law             Attorney at Law
      CROSS OIL REFINING            423 N. Washington           P.O. Box 2155
      3200 SW Freeway, Suite 3300   El Dorado, AR 71731         Brownsville, Texas 78522
      Houston, Texas 77027



ClibPDF - www.fastio.com



EXHIBIT
C

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARMEN LEYVA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 00-45 |
| | § | (COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING CO. INC§ | | |

## AFFIDAVIT OF LIONEL M. SCHOOLER

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared LIONEL M. SCHOOLER, ESQ., who being by me first duly sworn, deposed and stated on his oath the following:

My name is LIONEL M. SCHOOLER, ESQ. I am over eighteen (18) years of age and am legally competent to testify. All of the facts and events stated herein are within my personal knowledge and true and correct.

I am an attorney duly licensed to practice law in the state courts of Texas, and am a member of the Bar of this Court. I am a partner in the law firm of Jackson Walker L.L.P., and my firm and I represent Cross Oil Refinery & Marketing Co. Inc. in the above-styled and -numbered cause, and have served in that capacity from the outset of this lawsuit.

There are attached to the pleading to which this Affidavit is attached the following documents which are true copies of documents provided to me by Plaintiff's counsel: (1)A letter of February 20, 2001, from Plaintiff's counsel to undersigned counsel ("February 20 Letter"), including a facsimile transmission cover sheet; (2) A copy of the Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") by Plaintiff ("EEOC Charge"); and (3) The Right-to-Sue Letter issued by the EEOC to the Plaintiff ("Right To Sue"). The February 20 Letter is attached as Exhibit "A"; the EEOC Charge is attached as Exhibit "B"; and the EEOC Charge is attached as Exhibit "C", to the pleading to which this Affidavit is attached.

I received the February 20 Letter from counsel for Plaintiff by fax transmission on February 21. As indicated in that Letter, the Plaintiff's counsel was purporting to

2616962.1:107753.1                    **EXHIBIT "D"**                    Page 1 of 2

ClibPDF - www.fastio.com

forward to me certain documents required to be disclosed under FED.R.CIV.P. 26. In October, 2000, the Court issued an Order entered on October 18, 2000, directing the Plaintiff to comply with the disclosure requirements of FED.R.CIV.P. 26 within ten (10) days. After that time, I either called or wrote to the Plaintiff's counsel on several occasions, requesting that such disclosures be made. On each occasion, the response to me was the Plaintiff's counsel would be making the disclosures forthwith. Based upon such repeated assurances by Plaintiff's counsel, I did not bring this matter to the attention of the Court because I took counsel at his word.

Nevertheless, I did not receive any "disclosed" documents until February 21, 2001. The February 21 fax transmission contained not only the February 20 Letter, but also certain documents, including the EEOC Charge (Exhibit "B") and the Right to Sue (Exhibit "C"). There was also included a letter agreement and what appears to be an administrative intake questionnaire. However, the only document disclosed to me by Plaintiff's counsel in compliance with FED.R.CIV.P. 26 from any agency indicating a conclusion to its processing of the charges filed administratively by Plaintiff was the EEOC's Right to Sue. Plaintiff's counsel did not disclose or identify any corresponding document from the Texas Commission on Human Rights.

Further Affiant Sayeth Not.



_____
Lionel M. Schooler

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the 23RD day of February, 2001.

CAROL PERKINS
Notary Public, State of Texas
My Commission Expires
OCTOBER 27, 2003

_____
Notary Public in and for the
State of Texas

[SEAL]

**EXHIBIT "D"**