United States District Court
Southern District of Texas
FILED

MAR 2 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARMEN LEYVA<br>Plaintiff | § § § | |
| vs. | § § § | CIVIL ACTION NO. B-00-045<br>(COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING<br>CO., INC., and DENNY McCONNATHY<br>Defendant | § § § | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS STATUTORY CLAIMS

COMES NOW, Carmen Leyva, plaintiff in this case and files her Response to defendant's Motion to Dismiss Statutory Claims and in support would show the Court as follows:

### INTRODUCTION

1. This is a claim of gender discrimination and a breach of contract claim. It is the plaintiff's contention she was discriminated against on account of her sex. Accordingly, the plaintiff timely filed a complaint with the Texas Commission on Human Rights alleging discrimination based on sex. After the TCHR concluded their investigation they issued a Notice of Right to File a Civil Action. (See Attachment "A" Notice of Right to File a Civil Action). The Notice was received on January 7, 2000. A lawsuit was filed in State District Court on March 3, 2000.

### ARGUMENT

2. The Court should deny defendant's motion to dismiss because the plaintiff exhausted her state administrative remedies and timely filed her lawsuit pursuant to a Notice of Right to File a Civil Action. The Texas Commission on Human Rights Act states "[w]ithin 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." TEX. LAB. CODE ANN. § 21.254. The Notice of Right to File a Civil Action was received on January 7, 2000, and a lawsuit was filed within 60 days. (See Attachment "B" plaintiff's Original Petition that was filed in State District Court on March 3, 2000) Therefore, the plaintiff complied with the administrative remedies of the TCHR and the Court has jurisdiction over this claim.

## CONCLUSION

3. As demonstrated, the plaintiff complied with all administrative requirements and timely filed her Original Petition. For these reasons, plaintiff asks the Court to deny the defendant's Motion to Dismiss the Statutory Claim and retain this claim on the Court's docket.

Respectfully submitted,
GARZA & SALINAS, LLP
ATTORNEYS AT LAW

By: *Miguel Salinas* (signature)
MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
956/574-9502 Telephone
956/574-9506 Telefax



# TEXAS COMMISSION ON HUMAN RIGHTS

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

RE:     Carmen Leyva  vs. Cross Oil Refining

TCHR Complaint Number:   1990154-H

EEOC Charge:   31C991190

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, as amended, and Chapter Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

The United States Supreme Court has held in <u>Kremer v. Chemical Construction Corporation</u>, 456 U. S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. 2000e - <u>et seq</u>.

Sincerely,

William M. Hale
William M. Hale
Executive Director

xc:   Respondent

"A"

P. O. BOX 13493 ▪ AUSTIN, TX  78711 ▪ (512) 437-3450

CAUSE NO. 2000-03-1014-C

FILED
MAR 0 3 2000

| | | |
|---|---|---|
| CARMEN LEYVA | * | THE 197th DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| CROSS OIL REFINERY & MARKETING, INC. AND DANNY MCCONNATHY | * | "B" |
| | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **CARMEN LEYVA**, hereinafter referred to as Plaintiff, complaining of **CROSS OIL REFINERY & MARKETING AND DANNY MCCONNATHY** hereinafter called by name or collectively as defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
## PARTIES

**Plaintiff, CARMEN LEYVA**, resides at 26048 Altas Palmas, Harlingen, Cameron County, Texas 78552.

Defendant, **CROSS OIL REFINERY & MARKETING,** is a foreign corporation formed under the laws of another state, but is duly authorized to transact business in the State of Texas and can be served with process through its registered agent for service, C. T. Corporation System 350 North St. Paul Street, Dallas, TX 75201.

Defendant, **DANNY MCCONATHY**, is a resident of Arkansas and may be served with citation at his place of employment, 484 East 6th Street, Smackover, Arkansas 71762

Service of citation is requested by certified mail, return receipt requested as is contemplated by Rule 106 of the Texas Rules of Civil Procedure.

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County and the Plaintiff resides in Cameron County.

## III.
## FACTUAL ALLEGATIONS

Carmen Leyva, a Hispanic female, was approached by Defendant Cross Oil and offered a Marketing Associate position. Prior to taking the position with the Defendant, the Plaintiff was gainfully employed with another company, but left their employ on the promise of better opportunities with the Defendant company. The Plaintiff signed a contract that detailed the terms and conditions of her employment.

Shortly after the Plaintiff started working, the Defendant hired a male to do the same job the Plaintiff was doing. The Plaintiff was given the additional duties of terminal manager, but continued her work as a marketing associate.

The Plaintiff had years of experience in the marketing field and made meaningful contacts and established marketing en roads for Defendant. Once the contacts were made, the Plaintiff was terminated but the company kept the male employee. In conversations with the Plaintiff, the Defendants justified its actions by indicating she would be better off because she had a child at home. The Defendants also expressed concerns with the Plaintiff working in a male dominated field.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the Defendants had committed an unlawful employment practice against the Plaintiff in violation of the Texas Commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the Plaintiffs to file this lawsuit within sixty days of its receipt. A copy of this notice is attached and incorporated by reference. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS

Plaintiff, **CARMEN LEYVA**, is a Hispanic female.

The Defendant, **CROSS OIL REFINING AND MARKETING, INC.**, is an employer with at least 15 employees, and subject to coverage under the Act. The conduct of the Defendant complained of constituted unlawful discrimination on the basis of Plaintiff's sex.

In addition, Defendant, **CROSS OIL REFINING AND MARKETING, INC.**, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The Defendants, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct.

## VI.
## SEX DISCRIMINATION

The Plaintiff, **CARMEN LEYVA,** is a Hispanic female who was discriminated against on account of her gender. As such, she falls within a protected class under Article 5221K, Section 5.01, better known as the Texas Commission on Human Rights Act.

The Defendant, **CROSS OIL REFINING & MARKETING, INC.**, is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's Sex.

As a result of Defendants' unlawful conduct the Plaintiff has suffered the damages listed below.

## VII.
## TORTUOUS INTERFERENCE WITH A CONTRACT

Plaintiff will show that a verbal employment contract existed between the Plaintiff and her previous employer. Further, that the Defendants, had full knowledge of this contract. Because of spite, ill will and malicious intent held by the Defendants towards the Plaintiff, however, they improperly induced her to terminate her employment contract for the sole purpose of causing economic as well as psychological injury to the Plaintiff. Such inducement by the Defendants was done intentionally, unlawfully, without legal excuse or other justification and was the proximate cause in wrongfully damaging the Plaintiff. Plaintiff therefore sues the Defendants, for tortuously interfering with Plaintiff's employment contract.

## VIII.
## FRAUD

The actions of the Defendant constitutes Fraud. By their actions, Defendant induced Plaintiff into leaving her previous employment in exchange for the promise of continued employment and then breaching that promise by terminating the Plaintiff after she had established marketing contacts for the company.

## IX.
## BREACH OF CONTRACT

On August 18, 1998, Plaintiff and Defendant executed a written contract, A true and correct copy of the written contract is attached as Exhibit A and incorporated by reference.

In pertinent part, the contract provides that Plaintiff would be offered the position of Marketing Associate with a beginning salary of thirty thousand dollars ($30,000) per year plus expenses and benefits.

Defendant breached the contract when it terminated the Plaintiff on February 28, 1999.

As a result of the Defendant's breach of contract, the Plaintiff has suffered the damages listed below.

## X.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff asserts that Defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendants' action caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sue the Defendants as a result of such actions.

## XI.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiff hereby gives notice to all that she only alleges state claims in this suit and specifically excludes, and does not intend to litigate herein, any federal cause of action. The only causes of action which she intends to litigate in this Court are those concerning rights arising under the Laws and Constitution of the sovereign State of Texas.

## XII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, Plaintiff has incurred damages in the following respects:

**Lost Earnings and Diminished Earning Capacity**
At the time of the incident complained of, Plaintiff was gainfully employed. As a

proximate result of the wrongful acts of the Defendants, Plaintiff was unable to attend to her occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which she hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that make the basis of this suit, Plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural life.

### Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, Plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist her in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

## XIII.
## EXEMPLARY DAMAGES

The conduct of the Defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. The Plaintiff will further show that the conduct of the Defendants was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the Defendants and Defendants' management in the future. In this connection, Plaintiff will show that her treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants and the Defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

a). Judgment against Defendants, both jointly and severally, for Plaintiff's damages;

b). Punitive Damages;

c). Prejudgment interest as allowed by law;

d). Attorney, expert and litigation fees and expenses;

e). Interest on said judgment at the legal rate from date of judgment;

f). For costs of suit herein; and

g). Such other relief as the Court deems proper.

Respectfully submitted,

GARZA & SALINAS, L.L.P.
ATTORNEYS AT LAW
680 E. St. Charles, Suite #110
Brownsville, Texas 78520
(956) 574-9502   Telephone
(956) 574-9506   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

**GARZA & SALINAS, L.L.P.**
PH (956) 574-9502
680 E. ST. CHARLES STE 110
BROWNSVILLE, TX 78520

1154
88-7334/3131
BRANCH 83

DATE 3/3/2000

PAY TO THE ORDER OF  Aurora de la Garza    $ 312.00

Three hundred twelve +00/100 DOLLARS

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNT(S)

| Leyva or pet | 170.00 |
| Jury fee | 30.00 |
| Ser. cit. | 56.00 |
| Ser. cit. | 56.00 |

Miguel Salinas

⑾001154⑾ ⑾313173349⑾ 5083101576⑾

CAUSE NO. 2000-03-1014-C

| | | |
|---|---|---|
| CARMEN LEYVA | * | THE 197th DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | |
| | * | OF |
| CROSS OIL REFINERY & | * | |
| MARKETING, INC. AND | * | |
| DANNY MCCONNATHY | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR JURY TRIAL

NOW COMES Plaintiff, **CARMEN LEYVA**, requesting that a jury trial be held on said cause. Pursuant to Rule 216 of the Texas Rules of Civil Procedure a jury fee in the sum of $30.00 has been paid to the District Clerk's office. A copy of the filing fees check which incorporates the jury fee is attached as Exhibit "A".

Respectfully submitted,

GARZA & SALINAS, L.L.P.
ATTORNEYS AT LAW
680 E. St. Charles, Suite #110
Brownsville, Texas   78520
(956) 574-9502 Telephone
(956) 574-9506 Telefax

By: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

CARMEN LEYVA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Response to Defendant's Motion to Dismiss Statutory Claims has been served upon defendant Cross Oil Refinery & Marketing through its attorney of Record Lionel M. Schooler Jackson Walker L.L.P., 1100 Louisiana Street, Suite 4200, Houston, Texas 77002, via certified mail, return receipt requested on this 19th day of March 2001.

_____
MIGUEL SALINAS