28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARMEN LEYVA | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 00-45 |
| | § | (COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING CO., INC. | § | |

# DEFENDANT'S OBJECTION AND RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS STATUTORY CLAIMS

DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC. ("Cross Oil") files this Objection and Response ("Response") to the Opposition ("Opposition") of Plaintiff to Defendant's Motion to Dismiss Statutory Claims ("Motion") as follows:

## I. SUMMARY OF ARGUMENT

Plaintiff failed to disclose pursuant to FED.R.CIV.P. 26 the existence of any Right to Sue Letter issued by the Texas Commission on Human Rights. Plaintiff should not now be able to submit such a document when it had ample opportunity to do so, particularly where Plaintiff knew from the outset that it was attempting to disavow any claim filed under federal law and pursue only a state law statutory cause of action. The Motion should therefore be granted.

## II. OBJECTION AND RESPONSE

### A. PLAINTIFF'S FAILURE TO MAKE PROPER DISCLOSURES

1.      As the Court is aware, Defendant has previously requested of Plaintiff on several occasions that she comply with the requirements of FED.R.CIV.P. 26 and make the appropriate documentary disclosures required by that Rule. Indeed, Defendant was obligated to file a Motion

seeking relief from the Court over Plaintiff's failure to make timely Disclosures.

2. The Court granted such Motion in part in its October 18 Order, which directed Plaintiff to make such Disclosures within ten (10) days.

3. Plaintiff actually failed to make such disclosures until on or about February 20, 2001. *See* Exhibits "A" and "D" to the Motion.[1]

4. As indicated in Exhibit "A" to the Motion, Plaintiff's counsel forwarded on February 21, 2001, to undersigned counsel Plaintiff's disclosures (purportedly in compliance with FED.R.CIV.P. 26).

5. Among these documents were Plaintiff's charge of discrimination filed with the EEOC, *see* Exhibit "B," and a Right-to-Sue Letter issued by the EEOC. *See* Motion Exhibit "C."

6. However, *missing (or absent) from these documents* was any documentation indicating either that a charge had been filed by Plaintiff with the Texas Commission on Human Rights ("TCHR"), or that the TCHR had issued a right-to-sue letter. *See* Motion Exhibit "D."

7. Further, as indicated on the EEOC Charge, Plaintiff did not check the box in the lower left corner of the page requesting referral of the matter to the TCHR. *See* Motion Exhibit "B."

## B. DEFENDANT'S RELIANCE UPON PLAINTIFF'S TARDY DISCLOSURES

1. Until she filed the Opposition, Plaintiff's only *disclosed* right-to-sue letter was Motion Exhibit "C", the Right-to-Sue Letter from the EEOC. As demonstrated in the Motion, this has been the only document ever disclosed by Plaintiff in this case indicating any administrative action on Plaintiff's charge of discrimination. *See* Motion Exhibits "A", "C" and "D".

---

[1] Defendant did not bring such tardy responses to the attention of the Court because Plaintiff's counsel kept assuring undersigned counsel that such responses were promptly forthcoming, and undersigned counsel took Plaintiff's counsel at his word.

2. Plaintiff did not disclose any Right to Sue Letter having been issued by the Texas Commission on Human Rights. *See* Motion Exhibit "A."

## C. LACK OF JURISDICTION BASED UPON DISCLOSURES

1. In the wake of the recent ruling by the United States Court of Appeals for the Fifth Circuit in *Jones vs. Grinnell Corporation*, 235 F.3d 972 (5th Cir. 2001), Defendant determined that Plaintiff's disclosures indicated only the filing of a charge with the EEOC, which charge contains no indication of any desire by Plaintiff for a referral of the investigation to the Texas Commission on Human Rights.

2. Because of this, combined with the failure of Plaintiff to disclose in any manner any Right to Sue Letter having been issued by the Texas Commission on Human Rights, Defendant concluded that Plaintiff could not under *Jones v. Grinnell Corporation* demonstrate entitlement to prosecute any statutory claim under the Texas Commission on Human Rights Act.

3. Hence, Defendant filed the Motion to Dismiss.

## D. PLAINTIFF'S IMPROPER CONCEALMENT

1. Plaintiff now comes forward in her Opposition claiming that she did indeed receive a Right to Sue Letter from the Texas Commission on Human Rights!

2. Defendant respectfully objects to Plaintiff's filing or relying upon any such document because of her failure to disclose it pursuant to the requirements of Rule 26.

3. Defendant has had to incur attorney's fees prosecuting this Motion to Dismiss.

## E. SANCTIONS FOR IMPROPER CONCEALMENT

1. FED.R.CIV.P. 37(c)(1) states that in the event of noncompliance with Rule 26(a), a

Court may, in addition to precluding the offending party's use of the non-disclosed information at trial, "impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."[2]

2. The Court previously on October 18, 2000, ordered Plaintiff to comply timely with the requirements of Rule 26.

3. Plaintiff failed to do so, and then failed to make complete disclosures.

4. On this basis, Defendant contends that Plaintiff's attempt at reliance on a document which she now contends existed but which she did not disclose should be stricken, along with her pending Opposition, and the Motion to Dismiss statutory claims should be granted. Obviously, Defendant would not have filed its Motion to Dismiss if it had known in advance that Plaintiff had actually received a notice of Right to Sue Letter from the Texas Commission on Human Rights.

5. Alternatively, and without waiving the foregoing, Defendant contends that if the Court does not strike Plaintiff's Opposition, that Defendant be awarded $2,500.00 for having had to file the Motion and this Response.

## III. CONCLUSION

Plaintiff's counsel never informed undersigned counsel of any notifications by the Texas Commission on Human Rights. Undersigned counsel reasonably relied on Plaintiff's purported Rule 26 Disclosures. The Opposition should therefore be disregarded and the alleged disclosure stricken, or Defendant should recover its costs for having had to file the Motion and this Response.

---

[2] Subparagraph (C) of FED.R.CIV.P. 37(b)(2) explicitly allows for dismissal of the complaint. *See O'Neill v. Agwi Lines*, 74 F.3d 93 (5th Cir. 1996).

WHEREFORE, PREMISES CONSIDERED, DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC. prays that its Objection to Plaintiff's Opposition be sustained, that any reference by Plaintiff to a non-disclosed document be ignored, that Defendant's Motion to Dismiss Statutory Claim be granted, or alternatively, that Defendant be awarded sanctions for Plaintiff's failure to comply with Rule 26, and for such other relief as to which Defendant may show itself to be justly entitled.

DATED this 4th day of April, 2001.

Respectfully submitted,

JACKSON WALKER, L.L.P.

*Lionel M. Schooler*

LIONEL M. SCHOOLER (17803300)
Federal Bar No.: 726
RICHARD GRIFFIN (08473520)
Federal Bar No.: 12880
1100 Louisiana St., Suite 4200
Houston, Texas 77002
(713) 752-4200; (713) 752-4221 (fax)

ATTORNEYS FOR DEFENDANT CROSS OIL REFINERY & MARKETING CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Objection and Response to the Opposition of Plaintiff to Defendant's Motion to Dismiss has been served upon counsel for Plaintiff, Mr. Miguel Salinas (17534750), Esq., Garza & Salinas, L.L.P., 680 E. St. Charles St., Suite 110, Brownsville, Texas 78520, by hand delivery, certified mail, return receipt requested, Federal Express and/or facsimile transmission, on this 4th day of April, 2001.

*Lionel M. Schooler*

LIONEL M. SCHOOLER