30

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARMEN LEYVA<br>　　Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-00-045<br>(COURT UNIT OF JUDGE TAGLE) |
| CROSS OIL REFINERY & MARKETING<br>CO., INC.<br>　　Defendant | §<br>§<br>§ | |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OBJECTION AND RESPONSE TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS STATUTORY CLAIMS**

　　Comes now, Plaintiff Carmen Leyva, and files this her reply to Defendant's Objection and Response to Plaintiff's Opposition to Defendant's Motion to Dismiss Statutory Claims and in support would show the Court as follows:

INTRODUCTION

　　1. On or about February 23, 2001, Defendant filed a motion to dismiss Plaintiff's Texas Commission on Human Rights (TCHR) gender discrimination claim on the basis she failed to exhaust administrative remedies. Specifically, Defendant contended the Plaintiff had not received "any right-to-sue letter from the TCHR."

　　2. The Plaintiff filed her response in opposition to Defendant's Motion to Dismiss Statutory Claims and in support filed the Notice of Right to File a Civil Action that was received on January 7, 2000. (See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Statutory Claims, filed on March 20, 2001).

　　3. On April 9, 2001, Plaintiff received Defendant's objection and response to Plaintiff's response. In its response, Defendant claims Plaintiff failed to make proper disclosures and that her response should be struck and sanctions should be assessed. It is to this claim that Plaintiff now responds.



1

## FACTUAL ALLEGATIONS

4. The Plaintiff timely filed her Original Petition in State District Court. The Petition states the Plaintiff received her right to file a civil action from the Texas Commission on Human Rights. The Petition also attaches a copy of the notice. (See Attachment "A" Plaintiff's Original Petition). After the case was removed to Federal Court, Plaintiff filed her First Amended Original Complaint which reiterates Plaintiff received a TCHR Right to File A Civil Action prior to the commencement of her suit. (See Attachments B & C; excerpts from Plaintiff's Original Petition and Plaintiff's Original Complaint).

5. During the prosecution of this claim, Plaintiff forwarded her initial disclosures. As part of the documents disclosed, Plaintiff provided the Intake Questionnaire that was filed with the TCHR to start the administrative process and the Charge of Discrimination that was also part of the administrative procedures. (See Attachments "D" & "E"; TCHR Intake Questionnaire and the TCHR Charge of Discrimination). The Notice of Right to File a Civil Action was with Plaintiff's Original Petition and was not produced with her initial disclosures.

6. On February 22, 2001, at approximately 7:00 p.m., Plaintiff's counsel received Defendant's Motion to Dismiss Statutory Claims. The transmittal letter that accompanied the motion stated that if Plaintiff's counsel did not respond by 4:00 p.m. the following day, the motion would be filed with the Court. (See Attachment "F" February 22 letter). Plaintiff's counsel did not learn of the fax until the deadline had passed and could not have responded timely. As a result, Plaintiff was forced to file her response in opposition to Defendant's Motion to Dismiss. The basis of the response was that Plaintiff had exhausted administrative remedies and complied with the jurisdictional requirements of the TCHR Act.

7. On April 9, 2001, Plaintiff's counsel received Defendant's Objection and Response to Plaintiff's Opposition to Defendant's Motion to Dismiss Statutory Claims. According to the response, Plaintiff's failure to disclose the TCHR "Right to Sue" should preclude the statutory claim and that sanctions should be assessed for it having to file the Motion to Dismiss.

## ARGUMENTS AND AUTHORITIES

8. The receipt of an EEOC "Right to Sue" notice or a TCHR "Right to File a Civil Action," is an administrative prerequisite to the filing of a lawsuit in Federal or State Court. In Federal Court, the presence or absence of a federal question is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the Complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 398-99, 107 S.Ct. 2425-2433 (1987). The well-pleaded complaint rule confines the search for federal question jurisdiction to the face of the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13,

103 S.Ct. 2841, 2848 (1983). Both Plaintiff's Original Petition and First Amended Original Complaint properly pled the jurisdictional facts necessary to confer the Court's jurisdiction.

9. Besides properly pleading the jurisdictional facts necessary to support her claim, Plaintiff went the extra step and attached copy of the TCHR Notice of Right to File a Civil Action. In addition the TCHR sent the Defendant a copy of the Notice at the same time it sent the original to Plaintiff. Moreover in her Rule 26 Disclosures, Plaintiff provided the TCHR Intake Questionnaire and the TCHR formal charge. (See attachments "D" & "E"). In its Objection and Response to Plaintiff's Opposition to Defendant's motion, the Defendant states the receipt of the EEOC Right to Sue Letter in Plaintiff's disclosures is the only document that indicates any administrative action of Plaintiff's charge. As evidenced by attachments "D" & "E," this is obviously incorrect.

10. As stated, the Plaintiff properly pled the jurisdictional facts necessary to support its TCHR claim. The fact the Defendant did not receive the TCHR Right to Sue letter in Plaintiff's disclosures is not proper basis to dismiss the Statutory claim of discrimination.

<u>Sanctions are not appropriate</u>

11. The Defendant filed its Motion to Dismiss because it failed to review its own file. As stated, the TCHR Right to Sue was attached to Plaintiff's Original Petition. It was also sent to the Defendant by the TCHR. If the Notice was missing or misplaced by the Defendant it could have asked Plaintiff for a copy. Instead, the Defendant prepared the Motion before conferring with Plaintiff on this matter. Then they send the motion after working hours and give the Plaintiff less than one business day to respond. As demonstrated in this reply, the Defendant had little or no basis for filing its Motion to Dismiss, nevertheless, it is asking the Court to reward them by assessing sanctions against Plaintiff. For these reasons, the Plaintiff would respectfully request that this court deny Defendant's Motion To Dismiss Statutory Claims, deny sanctions and provide her any further relief to which she is entitled to both at law and equity.

3

Respectfully submitted,
GARZA & SALINAS
ATTORNEYS AT LAW

BY: _____
MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
STATE BAR NO. 17534750
680 E. St. Charles Ste. 110
Brownsville, Texas 78520
956/574-9502 Telephone
956/574-9506 Telefax

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the Plaintiff's Reply to Defendant's Objection and Response to Plaintiff's Opposition to Defendant's Motion to Dismiss was sent to the Defendant via fax on this the 15th day of June, 2001 to:

Hon. Lionel M. Schooler
1100 Louisiana St. Suite 4200
Houston, TX 77002
713/752-4221 (facsimilie)

ATTORNEY FOR DEFENDANT CROSS OIL REFINERY & MARKETING CO.

*Miguel Salinas*

CAUSE NO. 2000-03-1014-C

FILED
AURORA...
MAR 0 3 2000
DISTRICT COURT OF CAMERON COU...

| | | |
|---|---|---|
| CARMEN LEYVA | * | THE 197th DISTRICT COURT |
| | * | |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| CROSS OIL REFINERY & | * | |
| MARKETING, INC. AND | * | |
| DANNY MCCONNATHY | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **CARMEN LEYVA,** hereinafter referred to as Plaintiff, complaining of **CROSS OIL REFINERY & MARKETING AND DANNY MCCONNATHY** hereinafter called by name or collectively as defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
### PARTIES

**Plaintiff, CARMEN LEYVA,** resides at 26048 Altas Palmas, Harlingen, Cameron County, Texas 78552.

Defendant, **CROSS OIL REFINERY & MARKETING,** is a foreign corporation formed under the laws of another state, but is duly authorized to transact business in the State of Texas and can be served with process through its registered agent for service, C. T. Corporation System 350 North St. Paul Street, Dallas, TX 75201.

Defendant, **DANNY MCCONATHY**, is a resident of Arkansas and may be served with citation at his place of employment, 484 East 6th Street, Smackover, Arkansas 71762

Service of citation is requested by certified mail, return receipt requested as is contemplated by Rule 106 of the Texas Rules of Civil Procedure.

"A"

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County and the Plaintiff resides in Cameron County.

## III.
## FACTUAL ALLEGATIONS

Carmen Leyva, a Hispanic female, was approached by Defendant Cross Oil and offered a Marketing Associate position. Prior to taking the position with the Defendant, the Plaintiff was gainfully employed with another company, but left their employ on the promise of better opportunities with the Defendant company. The Plaintiff signed a contract that detailed the terms and conditions of her employment.

Shortly after the Plaintiff started working, the Defendant hired a male to do the same job the Plaintiff was doing. The Plaintiff was given the additional duties of terminal manager, but continued her work as a marketing associate.

The Plaintiff had years of experience in the marketing field and made meaningful contacts and established marketing en roads for Defendant. Once the contacts were made, the Plaintiff was terminated but the company kept the male employee. In conversations with the Plaintiff, the Defendants justified its actions by indicating she would be better off because she had a child at home. The Defendants also expressed concerns with the Plaintiff working in a male dominated field.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the Defendants had committed an unlawful employment practice against the Plaintiff in violation of the Texas Commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the Plaintiffs to file this lawsuit within sixty days of its receipt. A copy of this notice is attached and incorporated by reference. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS

Plaintiff, **CARMEN LEYVA,** is a Hispanic female.

The Defendant, **CROSS OIL REFINING AND MARKETING, INC.**, is an employer with at least 15 employees, and subject to coverage under the Act. The conduct of the Defendant complained of constituted unlawful discrimination on the basis of Plaintiff's sex.

In addition, Defendant, **CROSS OIL REFINING AND MARKETING, INC.**, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The Defendants, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct.

## VI.
## SEX DISCRIMINATION

The Plaintiff, **CARMEN LEYVA,** is a Hispanic female who was discriminated against on account of her gender. As such, she falls within a protected class under Article 5221K, Section 5.01, better known as the Texas Commission on Human Rights Act.

The Defendant, **CROSS OIL REFINING & MARKETING, INC.**, is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's Sex.

As a result of Defendants' unlawful conduct the Plaintiff has suffered the damages listed below.

## VII.
## TORTUOUS INTERFERENCE WITH A CONTRACT

Plaintiff will show that a verbal employment contract existed between the Plaintiff and her previous employer. Further, that the Defendants, had full knowledge of this contract. Because of spite, ill will and malicious intent held by the Defendants towards the Plaintiff, however, they improperly induced her to terminate her employment contract for the sole purpose of causing economic as well as psychological injury to the Plaintiff. Such inducement by the Defendants was done intentionally, unlawfully, without legal excuse or other justification and was the proximate cause in wrongfully damaging the Plaintiff. Plaintiff therefore sues the Defendants, for tortuously interfering with Plaintiff's employment contract.

## VIII.
## FRAUD

The actions of the Defendant constitutes Fraud. By their actions, Defendant induced Plaintiff into leaving her previous employment in exchange for the promise of continued employment and then breaching that promise by terminating the Plaintiff after she had established marketing contacts for the company.

## IX.
## BREACH OF CONTRACT

On August 18, 1998, Plaintiff and Defendant executed a written contract, A true and correct copy of the written contract is attached as Exhibit A and incorporated by reference.

In pertinent part, the contract provides that Plaintiff would be offered the position of Marketing Associate with a beginning salary of thirty thousand dollars ($30,000) per year plus expenses and benefits.

Defendant breached the contract when it terminated the Plaintiff on February 28, 1999.

As a result of the Defendant's breach of contract, the Plaintiff has suffered the damages listed below.

## X.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff asserts that Defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendants' action caused Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sue the Defendants as a result of such actions.

## XI.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiff hereby gives notice to all that she only alleges state claims in this suit and specifically excludes, and does not intend to litigate herein, any federal cause of action. The only causes of action which she intends to litigate in this Court are those concerning rights arising under the Laws and Constitution of the sovereign State of Texas.

## XII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, Plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity
At the time of the incident complained of, Plaintiff was gainfully employed. As a

proximate result of the wrongful acts of the Defendants, Plaintiff was unable to attend to her occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which she hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that make the basis of this suit, Plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural life.

### Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, Plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist her in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

### XIII.
### EXEMPLARY DAMAGES

The conduct of the Defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. The Plaintiff will further show that the conduct of the Defendants was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the Defendants and Defendants' management in the future. In this connection, Plaintiff will show that her treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants and the Defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court grant the following:

a). Judgment against Defendants, both jointly and severally, for Plaintiff's damages;

b). Punitive Damages;

c). Prejudgment interest as allowed by law;

d). Attorney, expert and litigation fees and expenses;

e). Interest on said judgment at the legal rate from date of judgment;

f). For costs of suit herein; and

g). Such other relief as the Court deems proper.

Respectfully submitted,

GARZA & SALINAS, L.L.P.
ATTORNEYS AT LAW
680 E. St. Charles, Suite #110
Brownsville, Texas 78520
(956) 574-9502   Telephone
(956) 574-9506   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County and the Plaintiff resides in Cameron County.

## III.
## FACTUAL ALLEGATIONS

Carmen Leyva, a Hispanic female, was approached by Defendant Cross Oil and offered a Marketing Associate position. Prior to taking the position with the Defendant, the Plaintiff was gainfully employed with another company, but left their employ on the promise of better opportunities with the Defendant company. The Plaintiff signed a contract that detailed the terms and conditions of her employment.

Shortly after the Plaintiff started working, the Defendant hired a male to do the same job the Plaintiff was doing. The Plaintiff was given the additional duties of terminal manager, but continued her work as a marketing associate.

The Plaintiff had years of experience in the marketing field and made meaningful contacts and established marketing en roads for Defendant. Once the contacts were made, the Plaintiff was terminated but the company kept the male employee. In conversations with the Plaintiff, the Defendants justified its actions by indicating she would be better off because she had a child at home. The Defendants also expressed concerns with the Plaintiff working in a male dominated field.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, Plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the Defendants had committed an unlawful employment practice against the Plaintiff in violation of the Texas Commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the Plaintiffs to file this lawsuit within sixty days of its receipt. A copy of this notice is attached and incorporated by reference. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS

Plaintiff, **CARMEN LEYVA,** is a Hispanic female.

The Defendant, **CROSS OIL REFINING AND MARKETING, INC.**, is an employer with at least 15 employees, and subject to coverage under the Act. The conduct of the Defendant complained of constituted unlawful discrimination on the basis of Plaintiff's sex.


"B"

expand their operation, the defendant hired a male employee to perform essentially the same job as plaintiff. Plaintiff was given additional duties, but continued to work as a marketing associate.

7. Shortly after the defendant hired the male employee, plaintiff encountered a series of hostile and discriminatory acts that culminated in her termination. Specifically, plaintiff was told she could not be successful in a male dominated field such as the oil business. She was also told that her termination would be in her best interest since she had a child at home.

### D. ADMINISTRATIVE PROCEDURES/CONDITIONS PRECEDENT

8. Within 180 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the defendant had committed an unlawful employment practice against plaintiff in violation of the Texas Commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing the plaintiff to file this lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

### E. COUNT 1: EMPLOYMENT DISCRIMINATION BASED ON SEX TEXAS COMMISSION ON HUMAN RIGHTS ACT

9. Plaintiff, **CARMEN LEYVA,** is a Hispanic female who was discriminated against on account of her gender. As such, she falls within a protected class under Chapter 21, §21.051 of The Texas Labor Code, better known as the Texas Commission on Human Rights Act.

10. Defendant, **CROSS OIL REFINING & MARKETING, INC.**, is an employer with at least fifteen employees, subjecting itself to coverage under the Act.

11. The conduct of the defendant complained of, constituted an unlawful employment practice based on plaintiff's Sex. Specifically, the defendant discriminated against plaintiff by terminating and replacing her with a less qualified male employee. The defendant further discriminated against plaintiff by telling her she could not be successful in a male dominated field and that she was better off at home taking care of her children.

12. In addition, defendant, **CROSS OIL REFINING AND MARKETING, INC.**, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The defendant, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct. The defendant is thus vicariously liable for the actions of its agents, servants and employees.



EXHIBIT "B"

FOR TCHR USE ONLY

"D"

EER

INTAKE QUESTIONNAIRE

PLEASE COMPLETE THE REQUESTED INFORMATION. If returning by mail: Texas Commission on Human Rights, P.O. Box 13493, Austin, Texas 78711.

**NOTE: FAILURE TO PROVIDE COMPLETE INFORMATION MAY RESULT IN DELAYED PROCESSING OF YOUR COMPLAINT.**

**COMPLAINANT:**

Name: CARMEN LEYVA
Address: Rt 9, Box 207
Zip: 78552   City: HARLINGEN
State: TX   County: CAMERON
SSN#: 558 11 8585
Phone: (home) (956) 412 2624
(work) ( )

**EMERGENCY CONTACT:**

Name: 
Address: 
Zip:_____ City:_____ St:_____
Phone: ( )

**EMPLOYER (Texas Address)**

Name: Cross Oil Refining & Marketing, Inc.
Street Address: 3200 S.W. FREEWAY STE 3300
Zip: 77027   City: HOUSTON
State: TX   County: 
Phone: 713 ) 840-6028
Total Number of Employees: 1000+

**PERSONNEL DIRECTOR/OFFICER:**

Name: Danny McConnathy
Title: President

**WORKSITE ADDRESS:**

Street Address: See Above
Zip:_____ City:_____ St:_____

**EMPLOYMENT INFO OF COMPLAINANT:** Date of Discrimination: On or about 9/18/98 and continuing until termination

Date Hired: 8/18/98   Last Position Held: Terminal Mgr.

Position Applied for: Marketing Representative   Date Applied: N/A I was approached

**INTERVIEW FOR COMPLAINANT:**

I. The discrimination I suffered was because of my being a member of one or more of the following classes: (Please circle the appropriate class and identify in the blank provided: Example: Race **Black** or **White**.

Race_____   Color_____   National Origin_____

Sex **Female**   Religion_____   Age (Date of Birth)_____

Religion_____   Disability (Doctor's Diagnosis)_____

Retaliation_____
(For having filed a prior discrimination complaint, having opposed unlawful discrimination, testified as a witness in a discrimination complaint, and/or aided another employee in the preparation of a discrimination complaint.

## ADDITIONAL INFORMATION
(NOT PART OF OFFICIAL COMPLAINT)

**A. SETTLEMENT/RESOLUTION**

What is the minimum remedy that you are willing to accept as a settlement or resolution should this develop into an official complaint?

Job_____  Back Pay____X_____  Benefits____X_____

Explain:_____

**B. COMPLAINANT'S WITNESS INFORMATION**

Are there people who witnessed first hand the harm taken by your employer. If so, please complete the information requested below.

* * * * * *

Name of Witness: __Petey (Last Name Unknown_____
Home Address: __Work Address: CROSS OIL REFINING & MARKETING: P.O. Box 105__
Zip: __71762__ City: __SMACKOVER_____ State: __AR__
Phone: (_501_)_725-3611_____ (   )_____

Specify information he/she can provide: __Petey witnessed that I was treated__
differently and not given the same benefits as Sergio Moreno, who was hired after I
was and was hired for the same position I was hired for.

Petey also may have overheard comments made by the male managers regarding me and their
concern with my ability to do the work * * * * *
because I am female.

Name of Witness: _____JANET CHENOWENTH_____
Home Address: _____SAME AS ABOVE_____
Zip:_____City:_____State:_____
Phone: (   )_____ (   )_____

Specify information he/she can provide:_____
   SAME AS ABOVE

ClibPDF - www.fastio.com

II. Check the appropriate type of personnel action taken against you by employer.

| | | |
|---|---|---|
| ___ Assignment (A3) | ___ Intimidation (I1) | ___ Reinstate (R4) |
| ✓ Benefits (B1) | ___ Involuntary Retirement (R5) | ___ Severance Pay (B5) |
| ___ Demotion (D1) | ___ Job Classification (J1) | ___ Sexual Harassment (S4) |
| ✓ ~~Discharge (D2)~~ | ~~Layoff (L1)~~ | ~~Suspension (S5)~~ |
| ___ Discipline (D3) | ___ Maternity (M1) | ✓ Terms&Conditions (T2) |
| ✓ Exclusion (E1) | ___ Other_____ (O1) | ___ Training (T4) |
| ___ Harassment (H1) | ___ Promotion (P3) | ___ Unfavorable Reference (R2) |
| ___ Hiring (H2) | ___ Recall (R1) | ✓ Wages (W1) |

III. Please answer the following questions briefly (If you need more space, please use reverse side of form).

   A. Explain the action taken against you by your employer. (Include Full Names and Position Titles.)

   SEE ATTACHED FORM _____
   _____
   _____
   _____
   _____

   B. Explain the reasons given to you for the employer's actions. (Include Full Names and Position Titles.)

   _____
   _____
   _____
   _____

   C. Explain the reason why you feel that your employer's actions are discriminatory.

   _____
   _____
   _____
   _____

LEYVA, Carmen

Attachment to Section III, A. B. and C.

I was hired by Cross as a Marketing Associate for Mexico sales. I quit my prior job to accept their offer. I was given an employment contract giving me the position along with a $30,000 salary. After the first thirty days, the company hired a man, Sergio Moreno, for the same position. I was told that I would no longer be the Marketing Associate for Mexico but would be the Terminal Manager at the Port of Brownsville. I was told by management, specifically, Tom Moore, Danny McConnathy, and Billy Neil that this would be "best" for me because I am a single mother and the marketing position required a lot of travel. Before I was hired, the company knew my situation and offered me the job, which I accepted, knowing the travel requirements. I had held previous positions that required travel and was able to fulfill my job duties. I had every intention of fulfilling my job duties with Cross and would have, had I been given that opportunity.

As a benefit of my employment with Cross, I was allowed the use of a used 1997 Chevrolet. Sergio Moreno, mentioned above, was given a new 1999 Crown Victoria. Additionally, I have reason to believe that Sergio Moreno, who was hired for the same position and who I had trained during prior employment, was given a salary greater than that given me. Several times in business as well as social settings with the company managers and staff, I was deliberately excluded and told that "I would be more comfortable with the women."

I feel that the company discriminated against me because I am female. After they hired me, they decided that they did not want a women in the position of Marketing Associate and systematically forced me out by putting me in the position of Terminal Manager which was then eliminated. They hired a man in my position and gave him better pay (I believe) and benefits. I believe in doing so they violated Texas as well as Federal law. I am also maintaining that Cross Oil breached my employment contract.

I respectfully request the TCHR accept this charge of discrimination and take action against Cross Oil, or in the alternative, issue me a right to sue letter.

IV. General Questions:

A. Do you have an attorney, union agent, interpreter or someone representing you in this matter?

Name __LECIA L. CHANEY_____ Relationship __ATTORNEY_____

Address __1201 E. VAN BUREN, P.O.BOX 2155_____

City, State, Zip __BROWNSVILLE, TX        78522__ Phone (__956-__) __542-7441__

B. Please indicate if you have previously filed this same complaint or other complaints with any of the agencies listed below.

___ Texas Commission on Human Rights (TCHR)
___ Equal Employment Opportunity Commission (EEOC)
___ National Labor Relations Board (NLRB)
___ Office of Federal Contract Compliance Program (OFCCP)
___ Other Agency (Give Name) _____

If so, identify date of filing _____

Charge Number: _____

Indicate how this complaint was resolved: _____

_____

_____

SIGNATURE __/s/ Carmen Peyna_____ DATE __6/23/99__

EXHIBIT "C"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] FEPA | 1990154-H |
| [ ] EEOC | 31C991190 |

Texas Commission On Human Rights  and EEOC
*State or local Agency, if any*

RECEIVED AUG 2 5 1999 TX COMMISSION ON HUMAN RIGHTS

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Carmen Leyva
**HOME TELEPHONE** (Include Area Code): (956) 412-2624
**STREET ADDRESS**: Route 9, Box 207, Harlingen, TX 78552
**DATE OF BIRTH**:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below.*)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Cross Oil Refining & Marketing, Inc | 501+ Employees | (713) 840-6028 |

**STREET ADDRESS**: 3200 S.W. Freeway, Ste 3300, Houston, TX 77027
**COUNTY**: 201

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 09/18/98   LATEST: 02/28/99
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

1st Amended. Original received 7/9/99.

I. PERSONAL HARM:
1. I received less wages than similarly-situated male employees.
2. I was subjected to different terms and conditions of employment as regards to being provided a company car.
3. I was reassigned from the position of Marketing Associate for Mexico Sales to Terminal Manager at the Port of Brownsville on 9/98 (date).
4. I was terminated from my position of Terminal Manager.

II. RESPONDENT'S REASON FOR ADVERSE ACTION:
1. None given.
2. None given.
3. Mr. Tom Moore, Mr. Danny McConnathy and Mr. Billy Neil informed me that I was being reassigned because I was a single mother and the marketing position required a lot of travel.
4. ~~None given.~~ Terminal was not going to be built.

III. DISCRIMINATION STATEMENT: I believe that I have been discriminated agianst, in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended, because of my sex, female; inasmuch as:

1. After I was reassigned to the position of termin[al]

** Text Continued on Attached Sheet(s) **

[ ] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date 8/23/99
X Carmen Leyva
Charging Party (Signature)

SIGNATURE OF COMPLAINANT
X Carmen Leyva

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
8/23/99

[Notary seal: ROSE MARIE MARQUEZ, Notary Public, State of Texas, Exp. 01-30-2002]

EEOC FORM 5 (Rev. 06/92)

**JACKSON WALKER L.L.P.**

ATTORNEYS AND COUNSELORS

1100 Louisiana Street, Suite 4200, Houston, Texas 77002
(713) 752-4200  Fax (713) 752-4221
http://www.jw.com  ·  Member of GLOBALAW™

Lionel M. Schooler
(713) 752-4516
lschooler@jw.com

February 22, 2001

Mr. Miguel Salinas
Garza & Salinas, L.L.P.
680 E. St. Charles St., Suite 110
Brownsville, Texas 78520

SENT BY FAX TRANSMISSION ONLY
(956) 574-9506

RE: Civil Action No. B-00-045; *Carmen Leyva v. Cross Oil Refinery & Marketing Co., Inc.*

Dear Mr. Salinas:

I received yesterday your Rule 26 Disclosures at long last.

I am now writing because based upon such disclosures, I believe that the Court does not have jurisdiction to consider your client's claims under the Texas Commission on Human Rights Act. I am forwarding this pleading to you to comply with the Local Rules about conferring with you about the Motion before it is filed. Please let me know as promptly as possible whether you will be opposing the Motion.

If I have not heard from you by 4:00 P.M., Friday, February 23, 2001, I will presume that you oppose the Motion and will so recite in my pleading.

Thank you for your attention to this matter.

Very truly yours,

JACKSON WALKER, L.L.P.

*Lionel M. Schooler*

Lionel M. Schooler
Enclosures
cc:   Cross Oil Refinery & Marketing Co., Inc. (w/encl.)
      Mr. Richard Griffin (firm) (w/encl.)

SENT BY FAX ONLY

Austin  ·  Dallas  ·  Fort Worth  ·  Houston  ·  Richardson  ·  San Angelo  ·  San Antonio