*31*

# Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

JUN 1 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| **JUDGE** | Hilda G. Tagle |
| **CASE MANAGER** | Stella Cavazos |
| **LAW CLERK** | ■ Fajardo    ☐ Koerner |
| **DATE** | 6 / 18 / 2001 |
| **TIME** | ☐ a.m.  3:15 p.m.  —  ☐ a.m.  3:50 p.m. |
| **CIVIL ACTION** | B - 00 - 045 |
| **STYLE** | Carmen Leyva *versus* Cross Oil Refinery, et al. |

**DOCKET ENTRY**

(HGT)   ■ Initial Pre-trial Conference   ☐ Bench or ■ Jury Trial        (Rptr. Breck Record)

<u>Miguel Salinas</u>          for    Plaintiff

<u>Lonnie Schooler</u>         for    Defendant

☐   All motions not expressly decided are denied without prejudice.

☐   Evidence taken [exhibits or testimony].

■   Argument heard on:   ■ all pending motions;   ☐ these topics:

<u>Defendant's Motion to Dismiss Statutory Claims [Dkt. No. 26]; Plaintiff's Response [Dkt. No. 27];</u>
<u>and Defendant's Objection and Response thereto [Dkt. No. 28].</u>

■   Rulings orally rendered on:

(1)   The Defendant filed a Motion to Dismiss because the Right to Sue Letter from the TCHR was not made available by Plaintiff in her Rule 26 Disclosures. However in her opposition to the motion, the Plaintiff attached the Right to Sue Letter. Therefore, the Defendant was petitioning the Court to either (a) strike the filing of the document and dismiss the TCHRA claims, or (b) sanction the Plaintiff in the amount of $2,500.00 for having to file the Motion to Dismiss and its response to Plaintiff's opposition.

The Plaintiff argued that the Right to Sue Letter was attached in her Original Petition in state court, that Plaintiff makes reference to the existence of the letter, and that the Defendant had not made a challenge to federal jurisdiction through a motion for more definite statement, etc. before. However, the evidence proffered by the Defendant at the hearing indicated that the Right to Sue Letter was not attached to her Original Petition, and the Court's own file copy of her Original Petition did not have the Right to Sue Letter attached.

The Court **DENIED** the Defendant's Motion to Dismiss Plaintiff's statutory claims. However, the Court found Jones v. Grinnell Corp., 235 F.3d 972 (5th Cir. 2001) persuasive, and **SANCTIONED** the Plaintiff in the amount of $2,500.00 for Defendant's costs of filing the Motion to Dismiss and its response to Plaintiff's Opposition. The Court gave the Plaintiff sixty (60) days to comply with the sanction.

(3)   The Court **DENIED** Defendant's request to depose the Plaintiff, since it failed to show good cause to extend the discovery deadline. Although the Parties could agree to extend the discovery deadline between themselves, the Court admonished the Parties that they could **NOT** alter the trial date.

(4)   The Plaintiff expected to put on about six (6) witnesses, and the Defendant expected to put on two (2) or three (3) witnesses. Therefore, trial would take about three (3) days, as opposed to what was initially indicated by their Joint Discovery / Case Management Plan.